IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICOLA BENBROOK, on behalf of herself and others similarly situated,

        Plaintiff,

v.                                                              Case No.  24-1032-JWB

PATHWAYS HOLDINGS, LLC, d/b/a HOLLAND PATHWAYS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss.  (Doc. 14.)  The motion is fully briefed and ripe for decision.  (Docs. 15, 16, 18.)  The motion is TAKEN UNDER ADVISEMENT for the reasons stated herein.

**I.    Facts**

The facts set forth herein are taken from the amended complaint.  (Doc. 10.)  Defendant operates a drug and alcohol rehabilitation facility in Wichita, Kansas.  Plaintiff alleges that Defendant has at least $500,000 in gross annual receipts and employs at least fifty full-time employees.  (*Id.* at 2.)  Plaintiff was employed by Defendant from 2018 to October 2023 as an hourly nonexempt employee.  During her employment, she worked as a med aide and a technician. Plaintiff and other employees also regularly handled goods and materials that had been moved or produced in commerce, such as computers, sheets, cleaning materials, medications, and other items used in the facility.

Plaintiff regularly worked in excess of 40 hours per week during her employment. Defendant has a written policy which provides that any hours over 40 are paid at the rate of time and one-half of the employee's regular rate.  (*Id.* at ¶ 20.)  Defendant also has a policy to deduct

30 minutes of time from non-exempt employees' compensation for each shift worked. This deduction is for a lunch break. However, Plaintiff alleges that Defendant does not allow non-exempt employees to take lunch breaks because there is no time to take an uninterrupted break during each shift and there is limited coverage available to provide employees the ability to take a break. (*Id.* ¶¶ 25–27.) Plaintiff alleges that Defendant's management is not only aware that employees are working through these unscheduled lunch breaks, but also that Defendant continues to allow the employees to work through these breaks while deducting 30 minutes of pay from their work hours. Plaintiff alleges that during her entire term of employment she was only able to take a 30 minute uninterrupted lunch break on five occasions. (*Id.* ¶ 36.)

Plaintiff filed this action individually and on behalf of similarly situated individuals under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), seeking compensation for all hours worked. Plaintiff also filed a claim under the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-319(a), seeking payment of all wages due, including straight time and overtime, as a result of Defendant's unlawful policy. Defendant has moved to dismiss Plaintiff's amended complaint.

**II.     Standard**

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**III.    Analysis**

### A. FLSA

The FLSA requires employers to pay overtime pay at the rate of one-and-one-half times the employee's regular hourly rate of pay for an employee who works more than forty hours per week and who is "engaged in commerce or . . . employed in an enterprise engaged in commerce." 29 U.S.C. § 207(a)(1). The FLSA also requires employees to be paid minimum wage for all hours worked. *Id.* § 206. Plaintiff bears the burden to show that she is entitled to the protection of the FLSA. *Reagor v. Okmulgee Cnty. Fam. Res. Ctr.*, 501 F. App'x 805, 808 (10th Cir. 2012). Plaintiff may do so by "asserting sufficient facts to plausibly state a claim either (1) that she, individually, was engaged in commerce or (2) that [Defendant] is an enterprise engaged in commerce." *Id.* (citing *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 n. 8 (1985) ("Employment may be covered under the [FLSA] pursuant to either 'individual' or 'enterprise' coverage."). Plaintiff asserts that she has sufficiently pled enterprise coverage.

Defendant argues that dismissal is appropriate because Plaintiff fails to allege that Defendant's employees are "engaged in commerce . . . or . . . handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." 29 U.S.C. § 203(s)(1)(A)(i).[1] The Tenth Circuit has held that an employer whose employees use goods or materials which moved in interstate commerce in performing their duties is sufficient to satisfy this requirement. *See Donovan v. Pointon*, 717 F.2d 1320, 1322 (10th Cir. 1983). Plaintiff alleges that she "regularly handled goods and materials that had been moved or produced in commerce, including computer keyboards, computer mice, ink pens, paper, bedsheets, cleaning supplies, medications, and other items regularly used in the operation of a rehabilitation facility." (Doc. 10 at 3.) Plaintiff's allegations parrot the language in the statute that goods or materials she

---

[1] Defendant does not dispute that Plaintiff has sufficiently alleged that its sales are more than $500,000 as required for enterprise coverage. (Doc. 15 at 8.)

3

used in her employment were moved or produced in commerce. Defendant argues, however, that this is not sufficient because Plaintiff did not allege that the goods moved in **interstate** commerce. (Doc. 18.) Plaintiff's response brief asserts that she has plausibly alleged that Defendant is engaged in commerce under the FLSA, and cites to authority finding that allegations that employees handling goods that traveled in **interstate** commerce were sufficient to establish coverage. (Doc. 16 at 3–4.) Plaintiff, however, does not directly address Defendant's argument that Plaintiff failed to allege that these items moved in "interstate" commerce. Nevertheless, based on Plaintiff's arguments, it is apparent that Plaintiff believes the goods used in her employment were moved in interstate commerce. Further, Plaintiff has pointed out that Defendant has made affirmative statements in another case filed in this district that it is an owner of trade secrets "that are used in, or intended for use in, interstate or foreign commerce." *See Pathways Holdings, LLC, et al. v. Northstar Hosp. LLC*, Case No. 24-CV-01055-EFM, Doc. 1 at ¶ 142 (D. Kan. 2024).

Based on the pleadings and arguments in the briefing, the court finds that the allegations, coupled with Defendant's representation in *Pathways Holdings*, are sufficient to establish that Defendant is a covered employer at this stage of the proceedings.[2] Plaintiff is directed to file a second amended complaint clarifying that the goods were moved in interstate commerce and including Defendant's representations in *Pathways Holdings*.

Defendant also moves for dismissal of the FLSA claim based on failure to pay for regular hours worked in weeks in which Plaintiff did not work 40 hours. The parties refer to this claim as a gap time claim. "Gap time is, essentially and generically, that time between the hours paid and

---

[2] Although not addressed by the parties, Defendant might be a covered employer under § 203(s)(1)(B) given the allegations that Defendant is a drug and alcohol rehabilitation facility. *See* § 203(s)(1)(B) (stating that an enterprise engaged in commerce includes an "enterprise engaged in the operation of a hospital, an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution. . .") The allegations in the *Pathways Holdings* case further allege that Defendant provides residential treatment and partial hospitalization to its patients. Case No. 24-CV-01055-EFM, Doc. 1 at ¶ 3.

forty hours." *Charbonneau v. Mortg. Lenders of Am., L.L.C.*, No. 2:18-CV-2062-HLT, 2020 WL 3545624, at *9, n.13 (D. Kan. June 30, 2020). Defendant argues that it is only required to pay Plaintiff minimum wages and her claim for straight wages under the FLSA must be dismissed. Defendant is correct that gap time wages are not recoverable under the FLSA when the rate of pay for all hours worked exceeds minimum wages. *Tommey v. Comput. Scis. Corp.*, No. 11-CV-02214-EFM, 2013 WL 1000659, at *2 (D. Kan. Mar. 13, 2013). Plaintiff appears to concede that a gap time claim is not viable under the FLSA and argues instead that she may recover the straight wages due under the KWPA. (Doc. 16 at 5.) Because Plaintiff must amend her complaint to clarify the interstate commerce issue, Plaintiff is also instructed to amend her claim to clarify that she is only seeking overtime pay under the FLSA.

    **B. KWPA**

Defendant moves to dismiss Plaintiff's KWPA claim on the basis that Plaintiff cannot bring a claim for failure to pay overtime under the KWPA when the FLSA applies. In response, Plaintiff argues that she should be able to pursue her claims under the KWPA even though she also states a claim under the FLSA. This court has repeatedly held that "to the extent that the KWPA could be interpreted as a mechanism for asserting FLSA-based claims for minimum or overtime wages, it would be preempted by §§ 206 and 207 of the FLSA." *Blair v. TransAm Trucking, Inc.*, 309 F. Supp. 3d 977, 998 (D. Kan. 2018). Therefore, Plaintiff's KWPA overtime claim is subject to dismissal.

Plaintiff also argues in her response brief that she is asserting a gap time claim under the KWPA. The court has recognized that a plaintiff employed by a covered employer may bring such a claim under the KWPA because the FLSA does not provide a cause of action for these unpaid wages. *See Garcia v. Tyson Foods, Inc.*, 766 F. Supp. 2d 1167, 1186–87 (D. Kan. 2011); *Deleon*

*v. Medicalodges, Inc.*, No. 2:23-CV-2224-EFM, 2024 WL 579770, at *3 (D. Kan. Feb. 13, 2024). However, as pointed out by Defendant, Plaintiff's factual allegations do not support a gap time claim. Rather, Plaintiff alleges that she "regularly" worked "in excess of 40 hours per workweek" and that she worked "on a full-time basis for Defendant." (Doc. 10 at 3.) Plaintiff fails to allege that she had workweeks in which she worked less than 40 hours but was not paid for all hours worked. Therefore, based on the allegations as pled, Plaintiff has not stated a KWPA claim for unpaid gap time wages. Plaintiff's conclusory allegation that she was denied pay for "straight time" is not sufficient to plead a gap time claim when her allegations state that she is a full time employee and regularly worked over 40 hours. (Doc. 10 at 7.) Plaintiff, however, will be allowed to amend her KWPA claim to add factual allegations to support such a claim, if possible.

Defendant further objects to Plaintiff's attempt to preserve KWPA claims for future opt-in plaintiffs in her complaint. (*Id.* ¶ 56.) Plaintiff fails to address this issue. As noted by Defendant, Plaintiff lacks standing to preserve claims for non-parties. Should Plaintiff seek to amend her complaint to add additional claims, she must comply with any scheduling order entered in this case and the Rules of Civil Procedure.

**C. Willful Conduct**

The FLSA has a two-year statute of limitations but that extends to three-years when there is a willful violation of the Act. *See* 29 U.S.C. § 255(a). Defendant argues that Plaintiff has failed to sufficiently allege willful conduct. The court disagrees. The standard for willful violations is whether the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *See Reich v. Monfort, Inc.*, 144 F.3d 1329, 1334 (10th Cir. 1998). Plaintiff alleges that Defendant's violation of the FLSA through its unlawful practices was willful as management was aware of the unpaid wages. (Doc. 10 ¶¶ 28–35 and 43.) Specifically, Plaintiff

alleges that management knew that employees were working through lunch but still took the thirty minute deductions from employees' compensation, employees complained to management but nothing changed, and management knew that it did not have staff to cover employees for lunch breaks. At this stage of the proceedings, these allegations are sufficient to allege willful conduct.

## IV.  Conclusion

Defendant's motion to dismiss (Doc. 14) is TAKEN UNDER ADVISEMENT. Plaintiff is to file an amended complaint to address the issues identified herein on or before September 30, 2024. Should Plaintiff fail to do so, Defendant's motion may be granted without further notice. IT IS SO ORDERED. Dated this 25th day of September, 2024.

    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE