IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICOLA BENBROOK, on behalf of herself and others similarly situated,

Plaintiff,

v.                                                                    Case No.  24-1032-JWB

PATHWAY HOLDINGS, LLC, d/b/a HOLLAND PATHWAYS,

Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion to dismiss.  (Doc. 24.)  The motion
is fully briefed and ripe for decision.  (Docs. 25, 27, 31.)  The motion is GRANTED IN PART
AND DENIED IN PART for the reasons stated herein.

### I.    Facts and Procedural History

The facts set forth herein are taken from the second amended complaint.  (Doc. 21.)
Defendant operates an inpatient drug and alcohol treatment facility in Wichita, Kansas.  (*Id.* at 2.)
Plaintiff was employed by Defendant from 2018 to October 2023 as an hourly nonexempt
employee.  During her employment, she worked as a med aide and a technician.

Plaintiff regularly worked in excess of 40 hours per week during her employment.
Defendant has a written policy which provides that any hours over 40 are paid at the rate of time
and one-half of the employee's regular rate.  (*Id.* at ¶ 20.)  Plaintiff infrequently worked less than
40 hours per week, although during two weeks in May and June 2023, Plaintiff worked 70.77
hours.  (*Id.* ¶ 18b.)

Defendant also has a policy to deduct 30 minutes of time from non-exempt employees'
compensation for each shift worked.  (*Id.* ¶ 24.)  This deduction is supposed to be for a lunch break.

1

However, Plaintiff alleges that Defendant does not allow non-exempt employees to take lunch breaks because there is no time to take an uninterrupted break and there is limited coverage available for employees to take a break. (*Id.* ¶¶ 25–27.)  Plaintiff further alleges that Defendant's management is aware that employees are working through these unscheduled lunch breaks but that Defendant continues to allow the employees to work through these breaks and deducts 30 minutes from their hours.  Plaintiff alleges that during her entire term of employment she was only able to take her uninterrupted lunch break on five occasions.  (*Id.* ¶ 36.)  As a result of Defendant's automatic lunch break deductions, Plaintiff alleges that she has not been paid her lawful wages, including straight time and overtime.

Plaintiff filed this action in state court individually and on behalf of similarly situated individuals under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), seeking unpaid overtime compensation for all hours worked.  Plaintiff also filed a claim under the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-319(a), seeking payment of all wages due, including straight time and overtime, as a result of Defendant's unlawful policy.  Defendant removed the action to this court.  (Doc. 1.)  Plaintiff amended her complaint in response to Defendant's initial motion to dismiss.  (Doc. 10.)

On April 18, 2024, Defendant moved to dismiss Plaintiff's amended complaint on the basis that Plaintiff did not sufficiently allege that Defendant was a covered employer under the FLSA, the FLSA does not provide a cause of action to recover gap time,[1] and she cannot recover overtime under the KWPA.  (Doc. 15.)  The court took the motion under advisement and allowed Plaintiff to amend her complaint to cure the deficiencies identified.  (Doc. 20.)  Plaintiff filed a second amended complaint.  Defendant again moves for dismissal.

---

[1] "Gap time is, essentially and generically, that time between the hours paid and forty hours."  *Charbonneau v. Mortg. Lenders of Am., L.L.C.*, No. 2:18-CV-2062-HLT, 2020 WL 3545624, at *9, n.13 (D. Kan. June 30, 2020).

The court will address the arguments in turn.

## II. Standard

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## III. Analysis

### A. FLSA

The FLSA requires employers to pay overtime pay of time and a half of regular pay for an employee who works more than forty hours per week and who is "engaged in commerce . . . or . . . employed in an enterprise engaged in commerce." 29 U.S.C. § 207(a)(1). 29 U.S.C. § 203(b). The FLSA also requires employees to be paid minimum wage for all hours worked. *Id.* § 206.

Plaintiff's second amended complaint seeks recovery of unpaid overtime under the FLSA. The issue is whether her second amended complaint also attempts to seek unpaid gap time wages for straight time wages that were not paid in weeks she worked under 40 hours. Neither party disputes that gap time wages are not recoverable under the FLSA in this case because Plaintiff was paid more than minimum wage for all hours worked. *See Tommey v. Comput. Scis. Corp.*, No. 11-CV-02214-EFM, 2013 WL 1000659, at *2 (D. Kan. Mar. 13, 2013). In taking the prior motion to dismiss under advisement, the court instructed Plaintiff to clarify in any amended pleading that she was not seeking gap time wages under the FLSA. Defendant asserts that Plaintiff failed to

sufficiently amend her pleadings to clarify that she was not seeking gap time wages. Specifically, Defendant points to an allegation in the second amended complaint that Plaintiff and others were denied lawful compensation, "including straight time and overtime." (Doc. 21 at ¶ 41.) Defendant further contends that the request for "any other relief" under the FLSA shows that Plaintiff is attempting to recover gap time wages in violation of this court's order. (Doc. 25 at 3–4.) In response, Plaintiff points to her allegation in the second amended complaint that she "does not seek pure gap time wages under the FLSA." (Doc. 21 ¶ 46a.) Plaintiff also states that the "other relief" she seeks is liquidated damages, costs, and attorneys fees that are allowed under the statute. (Doc. 27 at 1.)

The court finds that Plaintiff's allegation that she is not seeking gap time wages is clear and her request for "other relief" is not an attempt to recoup damages for wages that are not allowed under the statute. Therefore, Defendant's motion to dismiss this claim is denied.

### B. KWPA

Defendant moves to dismiss Plaintiff's KWPA claim on the basis that Plaintiff cannot bring a claim for failure to pay overtime under the KWPA when the FLSA applies and that Plaintiff failed to delete her reference to overtime in her allegations regarding her KWPA claim. In response, Plaintiff argues that she is not seeking to use the KWPA to recover FLSA mandated overtime wages. (Doc. 27 at 2.) Plaintiff argues that she is asserting a claim that Defendant violated its own policies by failing to pay for all hours worked, including overtime. This court, however, has already ruled that such a claim is subject to dismissal and Plaintiff cannot utilize the KWPA to recover unpaid overtime. (Doc. 20 at 5; *See also McGowan v. Genesis Health Clubs Mgmt., Inc.*, No. 17-2419-DDC-KGS, 2018 WL 572052, at *3–5 (D. Kan. Jan. 26, 2018)

(discussing Kansas law) and *Blair v. TransAm Trucking, Inc.*, 309 F. Supp. 3d 977, 998 (D. Kan. 2018)).

Therefore, Defendant's motion to dismiss Plaintiff's KWPA overtime claim is granted. Plaintiff's KWPA claim will proceed as to her claim of unpaid gap time wages.

### C. Dismissal for Failure to Comply with Court Order

Defendant also seeks dismissal of the second amended complaint for failure to comply with this court's order. The court does not conclude that Plaintiff failed to comply with its prior order. Rather, Plaintiff clarified her FLSA claim as ordered by the court. With respect to the KWPA overtime claim, although this court's prior order stated that her KWPA overtime claims was subject to dismissal, it did not instruct her to delete reference to the KWPA overtime provision. Rather, the order instructed her to add allegations to support a gap time claim under the KWPA, which she did. (Doc. 20 at 5–6.) Further, it is not uncommon (although it is discouraged) to see a plaintiff repeat a dismissed claim in an amended pleading as an attempt to preserve it after the court has determined that it is subject to dismissal. Regardless, Plaintiff's conduct is not so egregious that it should result in dismissal of her claims with prejudice. The court also denies Defendant's requested fees in conjunction with the motion.

### IV.  Conclusion

Defendant's motion to dismiss (Doc. 24) is GRANTED IN PART and DENIED IN PART. To the extent Plaintiff seeks recovery of overtime wages under the KWPA, that claim is dismissed. Plaintiff's motion to file a surreply (Doc. 34) to clarify a misstatement is GRANTED.

IT IS SO ORDERED. Dated this 2nd day of December, 2024.

____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

5